DECISION
{¶ 1} Michael T. and Mary E. Holderby are appealing the summary judgment which was granted against them. They have assigned three errors for our consideration:
 [I.] The "trial court" erred in granting Summary Judgment as to complaint for Plaintiff [HNB] against Defendants', as Plaintiff [HNB] Motion For Summary Judgment filed on February 18, 2003 was in "essence premature".
 [II.] The "trial court" erred in no ruling early in proceeding for not entering Defendants' Motion For Order Compelling Discovery filed May 15, 2003 for discovery O.R.C.P. Rule 26 thru 37. *Page 2 
 [III.] The "trial court" erred in no ruling in the proceeding in the records' at all for Defendants' Motion For Pre-Trial Conference and Pre-Trial Discovery, as of result Defendants' states no discovery and amendment to the pleadings' as to Defendants' Answer and Counterclaim filed Dec. 23, 2002.
 {¶ 2} For the reasons set forth below, we affirm.
 {¶ 3} Huntington National Bank ("HNB") filed this foreclosure action on November 20, 2002. The named defendants were State Savings Bank and the Holderbys. On December 23, 2002, the Holderbys filed an answer and counterclaim pro se. HNB filed a reply to the counterclaim.
 {¶ 4} On January 21, 2003, the Holderbys filed a document titled "Answer and Claim" which seems to be a reply to the reply.
 {¶ 5} On February 18, 2003, HNB filed a motion for summary judgment both as to the claims in the complaint and as to the allegations in the counterclaim. The motion was supported by an affidavit which alleged that the Holderbys had taken out a personal line of credit in 1992 and had defaulted on the terms of the line of credit. HNB further alleged that almost $17,000 was owed on the line of credit.
 {¶ 6} In response, the Holderbys filed a "motion to dismiss" the motion for summary judgment. The motion to dismiss did not include any affidavits or admissible evidentiary material.
 {¶ 7} In March 2003, service was obtained upon Fifth Third Bank as the successor to State Savings Bank as a result of a merger. *Page 3 
 {¶ 8} On March 24, 2003, the Holderbys filed a document entitled "ANSWER AND LAW," but no admissible evidentiary material for purposes of defending against a motion for summary judgment.
 {¶ 9} On May 15, 2003, the Holderbys filed a motion seeking to compel discovery from HNB. The Holderbys alleged that they had requested six years worth of monthly statements from HNB and had not been provided all of the statement records. The Holderbys also alleged they had demanded "accounting records," which had not been provided.
 {¶ 10} Less than a week later, HNB filed a memorandum contra the motion to compel, suggesting that the motion was frivolous, entitling HNB to an award of attorney fees.
 {¶ 11} In August, the Holderbys filed a motion requesting judgment on the pleadings. No affidavits or documents in a form admissible in a motion for summary judgment were filed. HNB timely filed a memorandum contra the motion.
 {¶ 12} On September 9, 2003, the trial court filed an order of reference, referring the case to a magistrate for further proceedings.
 {¶ 13} On December 4, 2003, the magistrate filed a magistrate's decision ruling upon the three motions filed by the Holderbys and granting summary judgment for HNB because the Holderbys had never provided any evidentiary material which could be considered in ruling on a motion for summary judgment.
 {¶ 14} On December 15, 2003, the Holderbys filed objections to the magistrate's decision. Soon thereafter, they filed a written request for a status conference. *Page 4 
 {¶ 15} On March 12, 2004, the trial court overruled the Holderbys' objections to the magistrate's decision, adopted the magistrate's decision as an order of the court and denied the request for a status conference.
 {¶ 16} On April 9, 2004, the Holderbys filed an appeal of the trial court's judgment. The record was transmitted on April 19, 2004.
 {¶ 17} On June 7, 2004, the Holderbys filed a brief which had technical defects as to spacing and citations to the record.
 {¶ 18} In July 2004, the Holderbys filed a corrected brief of appellants. HNB had earlier filed its brief.
 {¶ 19} The appeal was set for oral argument on September 2, 2004. On September 8, 2004, the court was notified by counsel for the Holderbys in a bankruptcy that a bankruptcy had been filed and an automatic stay was in effect. In May 2007, a motion to reactivate the case was filed and sustained.
 {¶ 20} With that background as to the procedural posture of the case, we turn to the merits of the assignments of error.
 {¶ 21} Addressing the second and third assignments of error, the trial court did in fact rule on all motions before it. The status conference would not have changed the outcome of the case had one been granted. The discovery being sought would not have changed the admitted fact that the Holderbys were in arrears on their personal line of credit. A large volume of billing statements were provided which showed the Holderbys were in arrears. Additional discovery would not have changed that. The second and third assignments of error are overruled. *Page 5 
 {¶ 22} The Holderbys never filed evidentiary material for the trial court's consideration, which was capable of being considered in ruling on a motion for summary judgment. With no evidentiary material to balance the affidavit on behalf of HNB, which set forth all the facts necessary for the granting of summary judgment, the trial court had no alternative to granting summary judgment.
 {¶ 23} The first assignment of error is overruled.
 {¶ 24} All three assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
 Judgment affirmed. BROWN and FRENCH, JJ., concur. *Page 1